# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **LOCATION BASED SERVICES, LLC**<br><br>Plaintiff,<br><br>v.<br><br>**NIANTIC, INC.,**<br><br>Defendant. | **Civil Action No. 2:17-cv-411**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Location Based Services, LLC ("Plaintiff") accuses Niantic, Inc. ("Defendant"), of infringing U.S. Patent No. 7,522,996 (the "'996 Patent"), alleging as follows:

## PARTIES

1. Plaintiff Location Based Services LLC is a Texas limited liability company, with a registered agent located at 719 Sawdust Rd., #204, The Woodlands, TX 77380.

2. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 2 Bryant, Ste. 220, San Francisco, CA 94105. Upon information and belief Defendant can be served through its registered agent: Incorporating Services, Ltd. 3500 S. Dupont Hwy., Dover, DE 19901.

## JURISDICTION AND VENUE

3. This is an action for infringement of the Patents-in-Suit arising under 35 U.S.C. §§ 271(a), 281, and 284 - 85. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed acts of patent infringement in this district.

5. Upon information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## U.S. PATENT NO. 7,522,996

6. On April 21, 2009, United States Patent No. 7,522,996 (the "'996 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Map Display System and Method." A true and correct copy of the '996 patent is attached hereto as Exhibit A.

7. Edward K. Y. Jung, Royce A. Levien, and Robert W. Lord *et al.*, are the inventors of the '996 patent.

8. Plaintiff is the owner by assignment of the '996 Patent with all rights in and to that patent.

9. Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,522,996

10. Defendant directly or through intermediaries, makes, uses, offers to sell, or sells software for providing map related data which infringes the '996 Patent, shown in Exhibit A-1.

11. Upon information and belief, Defendant has been and is now infringing claims 1, 2, 3, 5, 7, 8, 9, 15, 19, 22, 23, 24, 25, and 28 of the '996 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, and/or offering for sale software with map related data, specifically the Pokémon Go server, *i.e.*, the Accused Instrumentality, covered by one or more claims of the '996 Patent to the injury of Plaintiff. Defendant is directly infringing, literally infringing, and/or infringing the '996 Patent under the doctrine of equivalents. Defendant is thus liable for direct infringement of the '996 Patent pursuant to 35 U.S.C. § 271(a).

12. The Accused Instrumentality infringes claim 1 of the '996 Patent. It performs a method for providing map-related data, the method comprising: receiving a request for a map display illustrating information relative to one or more locations in a predetermined area (*i.e.*, it receives requests from users for a map including information regarding locations in the area, such as Pokéstops); determining a status associated with at least one of the locations on the map display; the status being a function of one or more location interaction rules associated with at least one of the locations on the map display (*i.e.*, it determines a status of locations including PokéStops, the status being a function of interaction rules associated with the location on the map, *e.g.*, is the location a PokéStops, has a lure been used at the PokéStop, when did the user last visit the PokéStop); and generating a signal to indicating on the map display the status regarding a permitted traverse or visit that is allowed under an applicable location interaction rule associated with the at least one of the locations on the map display (*e.g.*, it generates a signal which changes the color of a PokéStops to indicate whether interaction with the location is allowed under the rule associated with the location is met—5 minutes has passed has a user last visited). *See* Ex. A-1, Figs. 1-4.

13.     The Accused Instrumentality infringes claim 2 of the '996 Patent.  It periodically updates the status associated with the at least one of the locations (*e.g.*, it periodically updates the status associated with the location, such as whether or not a lure has been used, or whether or not a user is allowed to interact with the location) and generate a signal related to indicating on the map display an updated status associated with the at least one of the locations (*e.g.*, it generates a signal which alters the display of the location to reflect an updated status, such as displaying a lure or changing the color of the location). *See* Ex. A-1, Figs. 1-4.

14.     The Accused Instrumentality infringes claim 3 of the '996 Patent. It receives data from one or more monitoring devices capable of determining a user interaction with the at least one of the locations on the map display (*e.g.*, it receives data from user devices running the Pokémon Go application which can determine whether the user is allowed to interact with the location). *See* Ex. A-1, Figs. 1-10.

15.     The Accused Instrumentality infringes claim 5 of the '996 Patent. It interacts with one or more monitoring devices to alter the map display as a function of the location interaction rules as modified by one or more user interaction rules associated with the individual user or group of users (*e.g.*, it interacts with smartphones running the Pokémon Go app to alter the map display as a function of the interaction rules, such as changing the color of a gym to reflect the team in control, placing a lure on a Pokéstop, or changing the Pokémon displayed atop a gym). *See* Ex. A-1, Figs. 1-10.

16.     The Accused Instrumentality infringes claim 7 of the '996 Patent.  It receives an identifier associated with a user in a predefined area (*i.e.*, the user's account), the identifier also associated with one or more applicable user interaction rules regarding the permitted traverse or visit by the user for the at least one of the locations on the map display (*e.g.*, whether or not a user

is allowed to access a Pokestop based on rules associated with the location). *See* Ex. A-1, Figs. 1-5.

17. The Accused Instrumentality infringes claim 8 of the '996 Patent. It receives the identifier regarding one or more of a time limit and/or a minimum number of visits and/or a maximum number of visits permitted for the user at the at least one of the locations on the map display (*e.g.*, the user identify is associated with a time limit associated with the last visit to a Pokestop). *See* Ex. A-1, Figs. 1-5.

18. The Accused Instrumentality infringes claim 9 of the '996 Patent. It provides an indication shown on the map display related to whether one or more user interaction rules associated with the identifier affect the map (*e.g.*, the color of a Pokéstop changes to purple to indicate that interaction with the location is not allowed until the rule associated with the location is met—5 minutes has passed). *See* Ex. A-1, Figs. 1-5.

19. The Accused Instrumentality infringes claim 15 of the '996 Patent. It generates the signal related to indicating on the map display a progress indication (*e.g.*, the user profile, buddy progress, *etc*.) relating to a motivator for a user of the map display (*e.g.*, the indications displayed to motivate a user to engage more). *See* Ex. A-1, Figs. 1-8.

20. The Accused Instrumentality infringes claim 19 of the '996 Patent. It is a signal bearing computer-readable medium (*i.e.*, it includes computer software stored on computer-readable medium) bearing one or more instructions for receiving a request for a map illustrating data information regarding one or more locations in a predefined area (*e.g.*, it contains software modules containing instructions for receiving requests for a map from smartphones running the Pokémon go app), one or more instructions for determining a status associated with at least one of the locations on the map, the status being a function of one or more location interaction rules

correlated with one or more user interaction rules applicable to a permitted traverse or visit by an individual user or group of users to least one of the locations on the map (*e.g.*, it contains instructions to determine whether user interaction with the location is allowed under the rule associated with the location is met—5 minutes has passed has a user last visited), and one or more instructions for generating a signal related to indicating the status in accordance with a specific interaction rule associated with the at least one of the locations on the map (*e.g.*, it contains instructions for generating a signal related to the status according to the rule, such changing the color of a Pokéstop to reflect whether interact is allowed based on the time rules). *See* Ex. A-1, Figs. 1-9.

21.     The Accused Instrumentality infringes claim 22 of the '996 Patent. It contains one or more instructions for periodically updating the status in accordance with the specific interaction rule associated with the at least one of the one or more locations (*e.g.*, it contains instructions which periodically updates the status associated with the location, such as whether or not a lure has been used, or whether or not a user is allowed to interact with the location); and one or more instructions for generating a signal related to indicating on the map an updated status in accordance with the specific interaction rule associated with the at least one of the one or more locations (*e.g.*, it contains instructions which generate a signal indicating the status associated with the location, such as whether or not a lure has been used, or whether or not a user is allowed to interact with the location). *See* Ex. A-1, Figs. 1-10.

22.     The Accused Instrumentality infringes claim 23 of the '996 Patent. It contains one or more instructions for maintaining a copy of the map at a location independent of a user of the map (*e.g.*, copies of the map are maintained on the server, a location which is independent of the user). *See* Ex. A-1, Figs. 1-10.

23. The Accused Instrumentality infringes claim 24 of the '996 Patent. It contains one or more instructions for receiving an identifier associated with a user in the predefined area (*e.g.*, the user's account), the identifier associated with the one or more user interaction rules for the at least one location of the one or more locations on the map (*e.g.*, whether or not a user is allowed to access a Pokestop based on rules associated with the location). *See* Ex. A-1, Figs. 1-10.

24. The Accused Instrumentality infringes claim 25 of the '996 Patent. It contains one or more instructions for receiving an identifier associated with an interaction rule that includes a time limit at the at least one location, and/or a minimum number of user visits and/or maximum number of user visits permitted for the at least one location (*e.g.*, the user identify is associated with a time limit associated with the last visit to a Pokestop). *See* Ex. A-1, Figs. 1-10.

25. The Accused Instrumentality infringes claim 28 of the '996 Patent. It contains one or more instructions for generating a signal related to illustrating location detail for the at least one of the one or more locations, the location detail shown being a function of the status (*e.g.*, it contains instructions for generating a signal related to the status of the location, such as which team controls a gym, the Pokémon in the gym, the precedence of a lure, or whether or not the user is allowed to visit the location given the time limits on interaction). *See* Ex. A-1, Figs. 1-10.

26. As a result of Defendant's infringement of the '996 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

27. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '996 Patent, Plaintiff will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the Patents-in-Suit;

2. a permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the Patents-in-Suit, or such other equitable relief the Court determines is warranted;

3. a judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the Patents-in-Suit as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

4. any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED May 9, 2017.	Respectfully submitted,

By: */s/ Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com
Krystal L. McCool
Texas Bar No. 24082185
kmccool@nilawfirm.com

**Ni, Wang & Massand, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF**
**LOCATION BASED SERVICES LLC**